**Richard William BROWN, Petitioner–Appellant,**

v.

**Nathaniel QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent–Appellee.**

No. 04–50820

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 13, 2006.

Richard William Brown, Brazoria, TX, pro se.

Elizabeth A. Goettert, Office of the Attorney General for the State of Texas, Austin, TX, for Respondent–Appellee.

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM: *

Richard Brown, a Texas prisoner, was convicted of indecency with a child and sentenced to serve ten years in prison. Brown filed a 28 U.S.C. § 2254 habeas corpus petition, which the district court dismissed as untimely. This court granted a certificate of appealability ("COA") on the issue whether the delay in notification of the denial of Brown's state habeas application merits equitable tolling.

Brown contends that he is actually innocent. We decline to consider this claim, because he has not received a COA on it. See 28 U.S.C. § 2253(c)(1). Brown also

argues that he is entitled to equitable tolling based on the delay in notification of the denial of his state habeas application and because he diligently pursued relief.

Brown has not shown that he diligently pursued postconviction relief, see *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000); *Coleman v. Johnson,* 184 F.3d 398, 403 (5th Cir.1999), or that he was prevented from timely filing his § 2254 petition on account of exceptional circumstances that were out of his control or because he was affirmatively misled, see *Felder v. Johnson,* 204 F.3d 168, 170–71 (5th Cir.2000); *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir.1998). Consequently, he has not shown that the district court abused its discretion in determining that he was not entitled to equitable tolling. See *Larry v. Dretke,* 361 F.3d 890, 897 (5th Cir.2004). The judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.